**BRUNO TARABICHI**, CA Bar No. 215129
bruno@tmwlawfirm.com
**TMW LAW**
4750 Almaden Expy 124-359
San Jose, California 95118
Telephone:   408.298.8204
Facsimile:   408.715.6707

Attorneys for Plaintiff
Mike Sarieddine

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SARIEDDINE,<br><br>Plaintiff,<br><br>vs.<br><br>ALIEN VISIONS E-JUICE, INC., a California corporation; BEN LABARRE, an individual; CHRISTINE LABARRE, an individual; SAM ELLINGER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00601-TJH-AFM<br><br>**PLAINTIFF MIKE SARIEDDINE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ALIEN VISIONS E-JUICE, INC.'S CLAIMS AND COUNTERCLAIMS AND MOTION TO STRIKE DEFENDANT ALIEN VISIONS E-JUICE, INC.'S ANSWER AND ENTER DEFAULT AGAINST DEFENDANT ALIEN VISIONS E-JUICE, INC.** |
| ALIEN VISIONS E-JUICE, INC.,<br><br>Counterclaimant,<br><br>vs.<br><br>MIKE SARIEDDINE, an individual,<br><br>Counterdefendant. | Date:        UNDER SUBMISSION<br>Time:        UNDER SUBMISSION<br>Courtroom: 9B<br>Judge:       Hon. Terry J. Hatter Jr. |

## I. INTRODUCTION

Despite being ordered by this Court to retain new counsel no later than March 31, 2020, Defendant and Counterclaimant Alien Visions E-Juice, Inc. ("Alien Visions") continues to be unrepresented in this lawsuit.[1] It is well-established law that a corporation cannot represent itself in federal court and that a corporation's failure to secure counsel warrants dismissal of a corporation's claims and entry of default against a corporation in connection with claims being brought against such corporation.

By violating this Court's Order to find new counsel, Alien Visions is impairing Sarieddine's ability to prosecute his claims against Alien Visions and defend against Alien Visions' claims and counterclaims. As such, binding legal precedent and this Court's local rules require dismissal of Alien Visions' claims and counterclaims and the entry of default against Alien Visions.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. Alien Visions Files a Lawsuit in Florida

On November 14, 2018, Alien Visions filed a trademark infringement lawsuit against Alien Vapor Enterprises, LLC ("Alien Vapor") in the Middle District of Florida, which was instituted as Case No. 8:18-cv-02804 (the "Florida Action"). ECF No. 1 in Case No. 2:19-cv-04451. Alien Visions original Complaint did not have any claims against Sarieddine. *Id.*

### B. Sarieddine Files a Lawsuit in the Central District of California

On January 25, 2019, Sarieddine filed a Complaint against Alien Visions and its principals, which was instituted as Case No. 2:19-cv-00601 (the "California Action"). ECF No. 1. In his Complaint, Sarieddine asserted claims for federal trademark infringement, false designation of origin, and cancellation of trademark registration against Alien Visions ("Sarieddine's Affirmative Claims"). *Id.* On

---

[1] Alien Visions is also a plaintiff in Case No. 2:19-cv-00451, which has been consolidated with Case No. 2:19-cv-00601.

1  February 25, 2019, Alien Visions filed an Answer to Sarieddine's Affirmative

2  Claims ("Alien Visions' Answer"). ECF No. 22.

3      **C.      Alien Visions Adds Sarieddine to the Florida Lawsuit**

4          On February 25, 2019, Alien Visions filed a Second Amended Complaint

5  ("SAC") in the Florida Action. *See* ECF No. 22. The SAC added claims for federal

6  trademark infringement, unfair competition and false designation of origin,

7  cancellation of federal trademark registration, common law trademark

8  infringement, trademark infringement under Florida law, declaratory judgment of

9  non-infringement against Sarieddine ("Alien Visions' Affirmative Claims"). ECF

10  No. 22 in Case No. 2:19-cv-04451. However, Alien Visions never served the SAC

11  on Sarieddine while the case was pending in Florida.

12      **D.      Alien Visions Adds Duplicative Counterclaims in the California**

13          **Case**

14          On February 25, 2019, Alien Visions counterclaimed in the California

15  Action. ECF No. 23. The counterclaims were duplicative of Alien Visions'

16  Affirmative Claims consisting of federal trademark infringement, unfair

17  competition and false designation of origin, cancellation of federal trademark

18  registration, common law trademark infringement, and trademark infringement

19  under California law ("Alien Visions' Counterclaims"). *Id*. On March 18, 2019,

20  Sarieddine filed his Answer to Alien Visions' Counterclaims. ECF No. 30.

21      **E.      The Florida Lawsuit Gets Transferred to California**

22          On May 22, 2019, the Middle District of Florida transferred the Florida

23  Action to the Central District of California as Case No. 2:19-cv-04451. *See* ECF

24  No. 35 in Case No. 2:19-cv-04451.

25      **F.      The Florida Lawsuit Is Consolidated with the California Lawsuit**

26          On July 17, 2019, this Court consolidated Case No. 2:19-cv-04451 and Case

27  No. 2-19-cv-00601. ECF No. 47. In doing so, the Court ordered that "all further

28  documents and proceedings occur under Case No. CV 19-00601-AB (AFMx) and

1   that all other cases are to be administratively closed. **Counsel are directed to file**
2   **all further documents under Case No. CV 19-00601-AB (AFMx) only.**" *Id*.
3   Although the cases have been consolidated, Alien Visions never dismissed Alien
4   Visions' Affirmative Claims even though they are duplicative of Alien Visions'
5   Counterclaims.

6       **G.      Alien Visions' Counsel Withdraws and Alien Visions Is Ordered to**
7               **Obtain New Counsel By March 31, 2020**

8           On January 27, 2020, Alien Visions' attorneys filed a motion to be relieved
9   as counsel due to conflicts of interest. ECF No. 63. On February 12, 2020, this
10  Court granted Alien Visions' attorneys' motion to be relieved. ECF No. 66.

11          However, in that Order, the Court noted that Alien Visions is a California
12  corporation and "must have counsel in this matter." ECF No. 66, at 2:15-28.
13  ***Accordingly, the Court ordered Alien Visions to obtain new counsel no later than***
14  ***March 31, 2020***. ECF No. 66, at 3:1-2.

15          On February 10, 2020, a Texas estate attorney named Matthew King
16  contacted Sarieddine's counsel, stating that he would represent Alien Visions in this
17  action. ECF No. 72, at 3:4-24. In this regard, Sarieddine made Mr. King aware of
18  the March 31, 2020 deadline, but Mr. King never filed a notice of appearance. ECF
19  No. 72-3.

20      **H.      Alien Visions Has Not Obtained New Counsel to Date**

21          As of April 13, 2020 (date of this Motion), Alien Visions continues to be
22  unrepresented by counsel in this action. Alien Visions' failure to obtain new
23  counsel by March 31, 2020 is a violation of this Court's February 12, 2020 Order.
24  ECF No. 66. Moreover, Alien Visions' continued willful failure to obtain counsel
25  and willful violation of this Court's Order is severely prejudicing Sarieddine, who
26  is unable to pursue discovery against Alien Visions as an unrepresented corporate
27  party and, therefore, unable to prepare his case and his defenses to Alien Visions'
28  counterclaims.

III.   **ARGUMENT**

Corporations and other business entities cannot appear *pro se* in federal court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Corporations and business entities can only appear through licensed counsel. *Id.*; *see also* ECF No. 66, at 2:15-28. In addition, this Court's Local Rules also prohibit organization from appearing *pro se*. *See* Local Rule 83-2.2.2.

A.   **Alien Visions' Affirmative Claims and Counterclaims Should Be Dismissed**

Courts in the Ninth Circuit repeatedly hold that a corporation's continued failure to secure counsel justifies dismissal of its claims. *Delga Group for Invs., Inc. v. Boconcept USA, Inc.*, 2011 U.S. Dist. LEXIS 161840, *5 (C.D. Cal. 2011). Moreover, "[d]ismissal of claims is particularly appropriate where the court has given a corporation time to retain counsel." *Id*. This is reflected in this Court's Local Rule 83-2.2.4, which states that "[f]ailure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default." *See* Local Rule 83-2.2.4; *see also Kraft v. Old Castle Precast Inc.*, 2015 U.S. Dist. LEXIS 180259, *7 (C.D. Cal. 2015) (dismissing entity for failing to obtain counsel).

In considering whether to dismiss a corporation's claims, this Court reviews the *Yourish* factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendant, (4) the public policy favoring disposition on the merits, and (5) the availability of less drastic sanctions. *Delga Group*, 2011 U.S. Dist. LEXIS 161840, at *3-4, 6-10. In cases where a corporation fails to obtain counsel, the Central District of California finds that all the factors—except the fourth—weigh in favor of dismissal, such that dismissal is proper. *Id.*; *Your Personal Assistant, LLC v. T-Mobile USA, Inc.*, 2010 U.S. Dist. LEXIS 152666, *6-15 (C.D. Cal. 2010) (dismissing claims after

4

1  evaluation that all factors except the fourth weigh in favor of dismissal due to

2  LLC's failure to obtain counsel).

3          In the instant case, due to Alien Visions' refusal to obtain counsel, Sarieddine

4  is unable to defend against Alien Visions' Affirmative Claims and Alien Visions'

5  Counterclaims. Mr. Sarieddine cannot meet and confer on Alien Visions' prior

6  deficient discovery responses and failure to produce documents, cannot serve

7  additional written discovery, and cannot depose Alien Visions. As a result, the only

8  course forward is to dismiss Alien Visions' Affirmative Claims and Alien Visions'

9  Counterclaims.

10          **B.     Alien Visions' Answer Should Be Stricken and Default Entered**

11          When a corporate party fails to obtain licensed counsel to represent it, a

12  federal district court should enter default against the corporate party. *Beeza v.*

13  *Assisted Credit Servs.*, 2016 U.S. Dist. LEXIS 94119, *5 (CD Cal. 2016); *High*

14  *Country Broad*, 3 F.3d at 1245 (finding the district court's entry of default perfectly

15  appropriate when a corporation fails to obtain counsel). This is reflected in this

16  Court's Local Rule 83-2.2.4, which states that "[f]ailure to comply with the rules

17  enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default."

18  *See* Local Rule 83-2.2.4.

19          And if the corporate party has already filed an Answer, the Answer should be

20  stricken and the corporate party should have default entered against it. *Beeza*, 2016

21  U.S. Dist. LEXIS 94119, *8 ("The striking of an answer due to a corporate entity's

22  failure to retain counsel when required results in the default of that party."); *Elohim*

23  *Epf USA, Inc. v. Total Music Connection, Inc.*, 2016 U.S. Dist. LEXIS 185913, *1-

24  3 (C.D. Cal. 2016) (striking corporation's answer and entering default for failure to

25  secure counsel); *PHL Variable Ins. Co. v. Crescent Fin. & Ins. Inc.*, 2017 U.S. Dist.

26  LEXIS 161366, *6-8 (C.D. Cal. 2017) (striking corporation's answer and ordering

27  the Clerk to enter default due to failure to obtain counsel); *Sanchez v. Allynce, Inc.*,

28  2017 U.S. Dist. LEXIS 220234, *6 (C.D. Cal. 2017) ("As Defendant Allynce is a

corporate entity, it cannot appear *pro se*, but must be represented by counsel. … If Defendant is unable to obtain new counsel, the Court must enter default against it."

In the instant case, due to Alien Visions' refusal to obtain counsel, Sarieddine is unable to prosecute Sarieddine's Affirmative Claims against Alien Visions. Mr. Sarieddine cannot meet and confer on Alien Visions' prior deficient discovery responses and failure to produce documents, cannot serve additional written discovery, and cannot depose Alien Visions. As a result, the only course forward is to strike Alien Visions' Answer and enter default against Alien Visions.

## IV.   CONCLUSION

For all the foregoing reasons, and as set forth in the accompanying Proposed Order, Sarieddine respectfully requests that the Court grant his Motion and (i) dismiss Alien Visions' Affirmative Claims and Counterclaims against him and (ii) strike Alien Visions' Answer and place Alien Visions in default.

Dated:  April 13, 2020                    Respectfully submitted,

                                          TMW LAW


                                          By____/s/ Bruno Tarabichi_____
                                            Bruno Tarabichi
                                            Attorneys for Plaintiff
                                            Mike Sarieddine

MPA
(CASE NO. 2:19-CV-00601-TJH-AFM)